IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                              CASE NO. 15-06919 (ESL)

DEBORAH ANN KERSTING                                CHAPTER 7

    Debtor

OPINION AND ORDER

This case is before the court upon the *Motion for Reconsideration; To Alter and Amend Opinion and Order (FRBP 9023); and for Relief of Opinion and Order (FRBP 9024)* (the "Motion for Reconsideration") filed by Mr. Tirso R. Castillo (hereinafter referred to as "Mr. Castillo or "Creditor") (Docket No. 77) and the Debtor's *Opposition to "Motion for Reconsideration; To Alter and Amend Opinion and Order (FRBP 9023); and for Relief of Opinion and Order (FRBP 9024)"* (Docket No. 83). Also, before the court is the Creditor's *Motion to Inform Recent Case Law Applicable to Pending Matters* (Docket No. 91) and the Debtor's *Reply to Informative Motion Regarding Recent Case Law, etc.* (Docket No. 92). For the reasons stated below the *Motion for Reconsideration* is hereby denied.

Jurisdiction

The court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a core proceeding pursuant to 28 U.S.C. §157(b)(1) and (b)(2)(A) and (B). Venue of this proceeding is proper under 28 U.S.C. §§ 1408 and 1409.

Applicable Law and Analysis

*Fed. R. Civ. P 59(e)*

"Motions to reconsider are not recognized by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure *in haec verba*." In re Lozada Rivera, 470 B.R. 109, 112 (Bankr. D.P.R. 2012), citing Jimenez v. Rodriguez (In re Rodriguez), 233 B.R. 212, 218-219

-1-

(Bankr. D.P.R. 1999), conf'd 17 Fed. Appx. 5 (1st Cir. 2001); Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Lavespere v. Niagara Mach. & Tool Works Inc., 910 F.2d 167, 173 (5th Cir. 1990), cert. denied 510 U.S. 859, abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075-1076 (5th Cir. 1994).  Rather, federal courts have considered motions so denominated as either a motion to "alter or amend" under Fed. R. Civ. P. 59(e) or a motion for relief from judgment under Fed. R. Civ. P. 60(b).  See Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) (noting a motion for reconsideration implicated either Fed. R. Civ. P. 59(e) or 60(b)); Equity Security Holders' Committee v. Wedgestone Financial (In re Wedgestone Financial), 152 B.R. 786, 788 (D. Mass. 1993).  "These two rules are distinct; they serve different purposes and produce different consequences.  Which rule applies depends essentially on the time a motion is served.  If a motion is served within [fourteen[1]] days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e).  If the motion is served after that time, it falls under Rule 60(b)."  In re Lozada Rivera, 470 B.R. at 113, quoting Van Skiver, 952 F.2d at 1243.  Also see Universal Ins. Co. v. DOJ, 866 F. Supp. 2d 49, 73 (D.P.R. 2012) ("A motion is characterized pursuant to [Fed. R. Civ. P.] 59(e) or [Fed. R. Civ. P.] 60(b) based upon its filing date.")  "The substance of the motion, not the nomenclature used or labels placed on motions, is controlling."  In re Lozada Rivera, 470 B.R. at 113. Under either rule, "the granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" *Palmer v. Champion Mortg.,* 465 F.3d 24, 30 (1st Cir. 2006) (citations omitted). In the instant case, the Creditor's *Motion for Reconsideration* was filed fourteen (14) days after the Opinion and Order for which reconsideration was sought was entered. Therefore, the motion will be treated as one under Fed. R. Civ. P. 59(e) made applicable here through Fed. R. Bankr. P. 9023.

Fed. R. Civ. P. 59(e) authorizes the filing of a written motion to alter or amend a judgment after its entry. The motion must demonstrate the "reason why the court should reconsider its prior decision" and "must set forth facts or law of a strongly convincing nature" to induce the court to

---

[1] See Fed. R. Bankr. P. 9023.

reverse its earlier decision. Pabon Rodriguez, 233 B.R. at 218 (citations omitted). The movant "must either clearly establish a manifest error of law or must present newly discovered evidence that could not have been discovered during the case" BBVA v. Vazquez (In re Vazquez), 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012), citing Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997). "A motion for reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed prior to judgment, nor is it a mechanism to regurgitate old arguments previously considered and rejected." Biltcliffe v. CitiMortgage, Inc., 772 F. 3d 925, 930 (1st Cir. 2014) (citations omitted). "In practice, [Rule] 59(e) motions are typically denied because of the narrow purposes for which they are intended." In re Ortiz Arroyo, 544 B.R. 751, 757 (Bankr. D.P.R. 2015).

Opinion and Order under Reconsideration

The court, after conducting a thorough analysis, held that in this particular case the Debtor held a pre-existing ownership interest in the real property to which Creditor's judicial lien attached, and thus, the judicial lien is subject to avoidance under 11 U.S.C. §522(f). The court to analyzed other areas of the law, such as the Puerto Rico Civil Code, regarding estate and family law and the Home Protection Act. The court in its *Opinion and Order,* held that the Debtor, due to the dissolution of the conjugal partnership by death, has an undivided ownership interest of half of the property that was part of the conjugal partnership, including one-half of the real property (personal residence), which was acquired during the marriage and formed part of the conjugal partnership (Docket No. 73, pg. 17). Moreover, the court also concluded that: "[a]t this juncture, what is before the court is a real property whose ownership interest is fractioned, given that due to the dissolution of the conjugal partnership by death, the Debtor has an undivided ownership interest of half of the real property (the personal residence) and the remainder undivided part forms part of the hereditary patrimony (decedent's estate) of an unclaimed inheritance ("herencia yacente). In this case, the Debtor as the surviving spouse is entitled to a quota, in usufruct over the entire patrimony pursuant to the dispositions of Articles 761-766 of

the Civil Code, 31 L.P.R.A. §§2411-2416. The court finds that the Debtor has a 50% undivided interest in the real property. Thus, 50% of the real property forms part of the Debtor's estate, given that the real property was abandoned by the Chapter 7 trustee" (Docket No. 73, pgs. 23-24).

The court also concluded that;

"[i]n the instant case the heirs that have been called by law have not accepted the inheritance. Therefore, a hereditary community may not be formed. The Debtor's children repudiated their father's inheritance, but there is no evidence that they did so in accordance with Article 962 of the Civil Code, meaning that they did not file the deed of repudiation with the state court. Moreover, the parties did not provide information whether the Debtor has grandchildren since they would be the next to inherit in their own right and not by representation pursuant to Article 886 of the Civil Code, 31 L.P.R.A. §2609. Therefore, there is no hereditary community and no effective repudiation of inheritance at this time. However, this does not conclude the determination of whether the Debtor can claim a homestead exemption over the property that she resides.  Consequently, the court must analyze the intersection between the estate law pursuant to the Civil Code and the Home Protection Act. It is uncontested that the Debtor and her late husband, prior to the filing of the bankruptcy petition filed with the Property Registry a home protection deed and the same was recorded on August 10, 2012" (Docket No. 73, pg. 25-26).

As part of its analysis, the court differentiated this particular case from the case of <u>Rivera García v. Hernández Sánchez, Property Registrar</u>, 189 D.P.R. 628 (2016) and determined the following:

"[t]he case before us has some marked differences from the case of <u>Rivera García v. Hernández Sánchez, Property Registrar.</u>  In the instant case, the Debtor and her husband presented the Home Protection Deed for registration in the Property Registry and the same was recorded on August 10, 2012. Moreover, unlike <u>Rivera García v. Hernández Sánchez, Property Registrar</u>, in this case there is no hereditary community given that an undivided half belongs to the Debtor as a member of the conjugal partnership and the remainder undivided part forms part of the hereditary patrimony (decedent's estate) of an unclaimed inheritance. As previously discussed, an unclaimed inheritance lacks an heir that will temporarily preserve and administer the patrimony. In an unclaimed inheritance there is an interruption in the ownership of the decedent's property, and as a result the rights and obligations that comprise the unclaimed inheritance are, as aptly labeled by commentator González Tejera, in a juridical limbo. In an unclaimed inheritance there is the juridical figure of the *de facto administrator*, which is preferably the surviving spouse that is familiarized with the patrimony and carries out all acts necessary to protect the hereditary patrimony" (Docket No. 73, pg. 29-30)

Moreover, the court further concluded that:

"…. in this particular case, the provisions of Article 6 of the Home Protection Act are applicable to the extent that the protection established in §1858b continues for the benefit of the surviving spouse as long as he or she continues to occupy the homestead. See 31 L.P.R.A. §§1858b & 1858c.

The homestead protection is afforded to the surviving spouse so that he or she is able to continue occupying the homestead. The protection afforded by the amended Home Protection Act is greater than the one under the prior law which was limited to a monetary amount (up to $15,000 by Act No. 116 of May 2, 2003 to amend sections 1 and 5 of Act No. 87 of May 13, 1936). However, the amended Home Protection Act in much the same way, conceptually as a protection, as the prior law, was structured to be independent of the hereditary rights of the heirs under the Civil Code" (Docket No. 73, pg. 30).

In its decision, the court also reasoned;

"Article 6 of the Home Protection Act was designed (created as a protective legal mechanism) to protect the surviving spouse from heirs that could leave the surviving spouse without a homestead.

In the instant case, the Debtor has a one-half undivided interest in the real property which forms part of the Debtor's estate. The remaining one-half undivided interest forms part of an unclaimed inheritance, of which the debtor is entitled to a quota in usufruct over the entire hereditary patrimony. The Home Protection Act affords the Debtor as a surviving spouse, the homestead right to protect the homestead against attachment, judgment, or foreclosure for the payment of debts. See 31 L.P.R.A. §§1858b and 1858c" (Docket No. 73, pg. 32).

The court also reasoned that:

"[u]nlike, Farrey v. Sanderfoot, in this case the lien did not attach to newly-created property interests. The nature of the Debtor's ownership interest in the real property for lien avoidance purposes, namely when the lien attached, is the same ownership interest that she has at the time she requested the homestead exemption. The Debtor's ownership interest stems from a real property that she jointly owned under the conjugal partnership regime with her husband and due to the passing away of Debtor's husband, the conjugal partnership was dissolved. Pursuant to the Civil Code (state law) the surviving spouse (the Debtor) is entitled to receive one-half of the property acquired during the marriage" (Docket No. 73, pg. 37).

The court also concluded that;

"… the modification of debtor's property interest does not affect his or her ability to employ the lien avoidance mechanism afforded by section 522(f). The crucial point is that

-5-

the debtor had an ownership interest before the lien affixed to the property and at the time of the bankruptcy filing" (Docket No. 73, pg. 40).

"[c]onsequently, the judicial lien ($78,188.07) in addition to the mortgage claim ($20,520.98) over the residential property and the amount of the homestead exemption ($115,000) that the debtor could claim if there were no liens on the property exceeds the value of the debtor's interest in the real property. The Debtor has at all times, used the property exclusively as her principal residence. Thus, fixing percentages based on ownership rights in inapposite" (Docket No., pg. 41).

### Creditor's Argument/Position

The Creditor in his *Motion for Reconsideration: To Alter and Amend Opinion and Order (FRBP 9023); and for Relief of Opinion and Order (FRBP 9024)* argues that the 50% interest that belongs to the decedent's estate is not part of the bankruptcy estate and property that is not part of the bankruptcy estate cannot be claimed exempt. The Creditor argues that the probate exception applies and as such the probate court is the forum with exclusive jurisdiction to determine who are the heirs of the inheritance that currently lies in a "juridical limbo." The Creditor further argues that the 50% of the property that belong to an "unclaimed inheritance" cannot be claimed exempt by the debtor because it is not property of the estate.

As to Article 6 of the Puerto Rico Homestead Act, the Creditor contends that, "…at first glance [it] seems to allow the debtor to claim exempt the residence, under Federal Bankruptcy Law, the availability of the exemption provided under Article 6 of the Homestead Act is contingent upon finding first that the inheritance property is property of the estate.

Under Federal Bankruptcy Law, we must first determine if the property claimed is part of the bankruptcy estate. The Creditor further argues that in the case of In re Burgos Rivera, 544 B.R. 475 (Bankr. D.P.R 2016), the court found that the inheritance property was not part of the bankruptcy estate, and as such, the exemption under the Puerto Rico Homestead Act was inapplicable. "Although in the case of In re Burgos Rivera, the debtor was not a surviving spouse, but rather a descendant heir, the same test under section 522 applies. That is, the property claimed exempt must be property that belongs to the bankruptcy estate. If the property is not part of the

estate, the Court's inquiry ends there. Property that is not part of the estate cannot be claimed exempt" (Docket No. 77, pg. 4).

The Creditor requests the Court to deny the Debtor's motion to avoid the lien over the 50% interest of the property that is part of the decedent's estate, since the same is not property of the estate.

The Creditor also argues that the court should reconsider its ruling because the debtor only owns 50% of the property, therefore its lien should be partially avoided, not avoided in its entirety. The Creditor argues that in the case of Nelson v. Scala, 192 F. 3d 32 (1st Cir. 1999) the First Circuit held that the lien impairment test under 11 U.S.C. §522(f)(2)(A) should not be applied mechanically when the debtor holds a fractional interest over the property and what is appropriate is to allow a partial avoidance to the extent necessary to preserve the exemption over the debtor's fractional interest, See In re Powers, 14-06943-5-SWH, E.D.N.C., decided on June 2, 2016. The Tenth Circuit in the case of William F. Sandoval Irrevocable Trust v. Taylor (In re Taylor), 899 F. 3d 1126 (10th Cir. 2018) held that a debtor cannot use section 522(f) to avoid a lien in its entirety if the debtor holds only a partial interest over the property (Docket No. 91). The Creditor contends that since the real property is valued at $115,000 and the debtor only owns 50% of the property, the value of debtor's interest is $57,500 and thus, the lien should not be avoided in its entirety.

The Creditor further argues that the distinction made by the Court between the instant case and the case of Rivera García v. Property Registrar, 189 D.P.R. 628 (2013) does not warrant a different result. The Creditor argues that in the case of Rivera v. Registrar, the Supreme Court of Puerto Rico denied the recordation of the Homestead Deed presented by the surviving spouse because ownership of the property was recorded jointly in the name of the widow and the children of matrimony. The Creditor alleges that the Supreme Court focused its analysis on the fact that the widow was not the sole owner of the property over which the homestead was claimed and as such it "… implies that the Puerto Rico Supreme Court rejected the notion that Article 6 of the

Homestead Act allows a widow to claim exempt the 50% interest that belongs to the estate of the former husband. Indeed, Chief Judge Hernández Denton indicated that the effect of [the] majority's decision is that a mother will lose her right to the homestead if the children do not wish to use the property as their principal residence. " (Docket No. 77, pg. 7).

Lastly, the Creditor argues that pursuant to Articles 1035 to 1040 of the Puerto Rico Civil Code, 31 L.P.R.A. §§2931-2936, the creditors of a decedent's estate must be paid prior to the inheritance property being transferred to the heirs. "The Opinion and Order of this Honorable Court allowing a debtor to avoid a lien over property that belongs to a decedent's estate essentially allows heirs to receive estate property free of the liabilities" (Docket No. 77, pg. 9).

*Debtor's Argument/Position*

The Debtor argues that the Debtor's usufruct interest over "the entire hereditary patrimony" is bankruptcy estate property. Section 541(a)(2)(B) is drafted so that the Debtor's interests in property, not just her title ownership, is part of the bankruptcy estate. There is no case law in this jurisdiction excluding a widow's usufruct rights and interests from the bankruptcy estate. Moreover, the Court's Opinion and Order stated that the Debtor, "is entitled to a quota in usufruct over the entire hereditary patrimony" (Docket No. 73, pg. 32). The Debtor argues that the "juridical limbo" does not exclude the Debtor's usufruct rights and interests over "the entire hereditary patrimony" over the unclaimed inheritance. If the unclaimed inheritance is divided, the heirs are obligated to compensate the widow's usufruct interest and rights which has a market value.

The Debtor also argues that in the instant case probate disputes did not arise prior to or after the filing of this case. In fact, probate proceedings were concluded and finalized. "On February 26, 2016, the Superior Court of Carolina issued a "Declaration of Heirs" regarding the deceased Mr. Larry Fritz Kersting. And, that very same heirs' declaration notes a deed repudiating the inheritance was filed. See attached marked "Exhibit A." So, it would seem speculation concerning the heirs and if they repudiated according to law is moot" (Docket No. 83, pg. 2).

The Debtor contends that the Debtor's "…usufruct right and interests obliged her to seek full, not partial avoidance, because failure to do so would see her usufruct interests impaired by the Creditor's judicial lien" (Docket No. 83, pg. 3). Moreover, the Debtor further argues Nelson v. Scala is misplaced because in this case, the judicial lien encumbered the property interests of only one spouse. In the instant case, the Creditor's judicial lien encumbered the property of both Mr. Larry Frits Kersting and Mrs. Kersting. The Debtor also argues that the case of William E. Sandoval Irrevocable Trust v. Taylor is also inapplicable because it is almost factually identical to Nelson v. Scala, and restates that debtors can only avoid judicial liens encumbering their property interests, no more no less. In this particular case, the court held that the debtor's right to avoid judicial liens was circumscribed to his property ownership portion and not the portion that belonged to his ex-wife.

The Debtor further argues that after the Debtor's husband passed away, the Debtor retained 100% homestead protection over her home. "This 100% homestead protection translated into the Sect. 522(f)(1) avoidance of 100% of Creditor's judicial lien because that lien impaired the Debtor's homestead rights" (Docket No. 83, pg. 4).

Lastly, the Debtor contends that the "… Creditor's implied argument that the Debtor should have paid her creditors first per local law, prior to seeking bankruptcy relief, collides with pre-emption principles. The First Circuit Court of Appeals has rejected that view as violating pre-emption principles of Sect. 522(f) relief (See In re Weinstein, 164 F. 3d 677, 681-82 (1st Cir. 1999))" (Docket No. 83, pg. 5).

**Discussion**

The first argument that the court will address is the probate exception since it is of a jurisdictional nature. The Creditor argues that the probate exception applies and as such the probate court is the forum with exclusive jurisdiction to determine who are the heirs of the inheritance that currently lies in a "juridical limbo." The court notes that it has not adjudicated who are the heirs of the unclaimed inheritance.

*Probate Exception*

In the case of <u>Wiscovitch Rentas v. Molina González</u> (<u>In re Morales Garcia</u>), 507 B.R. 32, 44 (1st Cir. B.A.P. 2014), the First Circuit B.A.P. explained that the probate exception is a judicially created doctrine which prevents federal courts from exercising jurisdiction to dispose of property that is in the custody of a state probate court. The First Circuit B.A.P. explained the probate exception as follows:

> "The probate exception is a judicially created doctrine that limits federal jurisdiction. <u>Marshall v. Marshall</u>, 547 U.S. 293, 308, 126 S. Ct. 1735, 164 L. Ed. 2d 480 (2006); <u>see also Markham v. Allen</u>, 326 U.S. 490, 66 S. Ct. 296, 90 L. Ed. 256 (1946). The probate exception is the principle that 'a federal court has no jurisdiction to probate a will or administer an estate.' <u>Markham</u>, 326 U.S. at 494. <u>Markham</u> is the Supreme Court's 'most …. pathmarking pronouncement on the probate exception.' <u>Marshall</u>, 547 U.S. at 308. In <u>Marshall</u>, the Supreme Court clarified ambiguity in <u>Markham</u> and in the scope of the exception:
>
>> 'We read <u>Markham</u>'s enigmatic words … to proscribe 'disturb[ing] or affect[ing] the possession of property in the custody of a state court.' … [T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction' <u>Marshall,</u> 547 U.S. at 311-312.
>
> The probate exception prevents federal courts from exercising *in rem* jurisdiction over a *res* when a state court us simultaneously doing the same. <u>See </u>id. at 311; <u>see</u> <u>also</u> <u>Nickless v. Kessler</u> (<u>In re Berman</u>), 352 B.R. 533, 543 (Bankr. D. Mass. 2006). Therefore, federal courts may not exercise jurisdiction to dispose of property that is in the custody of a state probate court. <u>See</u> <u>Three Keys, Ltd. v. SR Util. Holding Co.</u>, 540 F. 3d 220, 227 (3<sup>d</sup> Cir. 2008) ('It is clear after <u>Marshall </u>that unless a federal court is endeavoring to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court, the probate exception does not apply.'); <u>Lefkowitz v. Bank of N.Y.</u>, 528 F. 3d 102, 107 (2d Cir. 2007) ('Following <u>Marshall </u>we must now hold that so long as a plaintiff is not seeking to have the federal court administer a probate matter or exercise control over a *res* in the custody of state court, if jurisdiction otherwise lies, then the federal court may, indeed must, exercise it')" <u>In re Morales Garcia,</u> 507 B.R. at 44.

In the instant case, neither party informed the court of there being during the pendency of this case simultaneous probate proceedings in state court in which the decedent's estate, the real

property, was in the custody of a state probate court. The Debtor informed the court that probate proceedings were conducted and finalized and that a Declaration of Heirs was rendered on February 26, 2016. Therefore, the court finds that in the instant case the probate exception is inapplicable.

Moreover, the Debtor also informed the court that, "[o]n February 26, 2016, the Superior Court of Carolina issued a "Declaration of Heirs" regarding the deceased Mr. Larry Fritz Kersting. And, that very same heirs' declaration notes a deed repudiating the inheritance was filed. See attached marked 'Exhibit A'. So, it would seem speculation concerning the heirs and if they repudiated according to law is moot" (Docket No. 83, pg. 2). The court notes that it was not informed of this Resolution dated February 26, 2016 prior to the court rendering its *Opinion and Order* on June 19, 2017 (Docket no. 73). Exhibit A is a state court Resolution filed ex parte by the debtor regarding the Declaration of Heirs in state court. The Resolution[2] stated that in conformity with the evidence presented this court grants the petition presented and thus, declares as the only and universal heir of the decedent Lawrence Robert Kersting Phipps Jr. a.k.a. Larry Fritz Kersting and Fritz Kersting, his widow Deborah Ann Bergeron Smallwood, in the widow's usufruct rights and interests, without prejudice of third parties, unless it involves heirs by law ("herederos forzozos). Therefore, there are no on-going state court proceedings regarding the decedent's estate. Consequently, the probate exception is not applicable.

*Manifest Error of law*

The Creditor also argues that this court erred because it had to first determine that the property claimed is part of the bankruptcy estate. The Creditor argues that in the case of In re Burgos Rivera, 544 B.R. 475 (Bankr. D.P.R 2016), the court found that the inheritance property

---

[2] The state court Resolution states the following in the Spanish language:

"POR TANTO: De conformidad con la prueba presentada y que obra en el expediente, este tribunal declara CON LUGAR la Petición presentada y en su consecuencia, declara como única y universal heredera del causante Lawrence Robert Kersting Phipps Jr. t/c/c Larry Fritz Kersting y como Fritz Kersting a su viuda Deborah Ann Bergeron Smallwood, en la cuota viudal usufructuaria, sin perjuicio de terceros a no ser que se trate de herederos forzosos" (Docket No. 83, Exhibit A).

was not part of the bankruptcy estate, and as such, the exemption under the Puerto Rico Homestead Act was inapplicable. In the case of In re Burgos Rivera, the issue was whether the debtor could claim an exemption over the real property which forms part of the hereditary patrimony in which the Debtor has a hereditary right in the abstract. Thus, the court had to determine whether the Debtor could claim an exemption over a particular real property, when she has an interest or a participation in the common mass of the inheritance, which constitutes an abstract share of the full hereditary patrimony. The court concluded that the debtor had an interest in abstract over the hereditary community, but not to any particular asset. The court in the case of In re Burgos Rivera held:

> "[i]n light of the aforestated, this court finds that as of the petition date the Debtor owned an interest *in abstracto* over the estate whole, but not in any of the particular assets of the hereditary community, including the real property claimed as Debtor's residence. The court further finds that the Home Protection Act is devoid of any specific provision which provides the homestead exemption over a real property that forms part of a hereditary community to a descendent of legal age when his or her ascendant passes away. Thus, the Home Protection Act contains no provision which protects the Debtor's right to claim the homestead exemption over the real property in the instant case.
>
> Consequently, the Debtor cannot claim the homestead exemption over the real property because it is not property of the bankruptcy estate. However, the Debtor does have an interest in the decedent's hereditary patrimony. Debtor's interest in the hereditary patrimony has a value that must be considered when determining the bankruptcy estate's value. Given the particular facts of this case and this court's fining that the real property over which the Debtor claimed the homestead exemption is not property of the bankruptcy estate, it is not necessary to make a determination as to whether the Debtor properly claimed the homestead exemption pursuant to the Home Protection Act and the Supreme Court's decision in Rivera García v. Hernández Sánchez" In re Burgos Rivera, 544 B.R. at 491-492."

Contrary to the case of In re Burgos Rivera, the court in the instant case found that the Debtor had a pre-existing interest in the real property to which Creditor's judicial lien attached. The Debtor in this case, due to the dissolution of the conjugal partnership by death has an undivided ownership interest of half the property that was part of the conjugal partnership,

including one-half of the real property which was acquired during the marriage and formed part of the conjugal partnership.

The Creditor also contends that in the case of Rivera v. Registrar, the Supreme Court of Puerto Rico denied the recordation of the Homestead Deed presented by the surviving spouse because ownership of the property was recorded jointly in the name of the widow and the children of matrimony. The Creditor further argues that the Supreme Court focused its analysis on the fact that the widow was not the sole owner of the property over which the homestead was claimed and as such it "… implies that the Puerto Rico Supreme Court rejected the notion that Article 6 of the Homestead Act allows a widow to claim exempt the 50% interest that belongs to the estate of the former husband. Indeed, Chief Judge Hernández Denton indicated that the effect of [the] majority's decision is that a mother will lose her right to the homestead if the children do not wish to use the property as their principal residence" (Docket No. 77, pg. 7).

The court in its *Opinion and Order* differentiated the instant case from the case of Rivera García v. Hernández Sánchez, Property Registrar as part of its analysis. The issue before the Supreme Court was whether the Home Protection Act required that all members of the hereditary community execute the Home Protection deed of the real property that formed part of the hereditary community in order for the Property Registrar to register the same. The court reasoned that the instant case has some marked differences from the case of Rivera García v. Hernández Sánchez, Property Registrar because the Debtor and her husband had presented the Home Protection Deed for registration in the Property Registry and the same had been recorded and most importantly because in the instant case there is no hereditary community, given that an undivided half belongs to the Debtor as a member of the conjugal partnership and the remainder undivided part forms part of the hereditary patrimony (decedent's estate) of an unclaimed inheritance. The court concluded that in this particular case, the provisions of Article 6 of the Home Protection Act are applicable to the extent that the protection established in §1858b

continues for the benefit of the surviving spouse as long as he or she continues to occupy the homestead. See 31 L.P.R.A. §§1858b & 1858c.

Most importantly, this particular issue is mooted because on January 30, 2018, the Home Protection Act was amended with the purpose to establish the homestead right over the principal residence for the benefit of a surviving spouse without the need for the other heirs of the real property to appear in the homestead deed. The second paragraph of Article 9 of the Home Protection Act, titled, claim of homestead protection in purchase deed; record in the Property Registry and cancellation of the homestead right in the Property Registry was amended in pertinent part and in pertinent part it now states as follows:

"Likewise, in the case of the principal residence of the principal residence of a surviving spouse, he or she may appear for the annotation in the registry of the homestead protection over a property, without the need of the other heirs that have title to the property to appear. The homestead right will protect the property against all claimants, except for the debts recognized in Article 4 of this Law, as long as the property remains the principal residence of the surviving spouse" (translation ours) 31 L.P.R.A. §1858f[3].

Lastly, the Creditor argues that its lien should be partially avoided, not in its entirety because the debtor only owns 50% of the property. The case of Nelson v. Scala, 192 F. 3d 32 (1st Cir. 1999) held that the lien impairment test under 11 U.S.C. §522(f)(2)(A) should not be applied mechanically when the debtor holds a fractional interest over the property and what is appropriate is to allow a partial avoidance to the extent necessary to preserve the exemption over the debtor's fractional interest. In the case of Nelson v. Scala, a joint petition under Chapter 7 of the Bankruptcy Code was filed by the debtor and his wife. Among the estate assets was their residence of which each is a 50% owner and Maine allowed a homestead exemption up to the amount of

---

[3] The amended Article 9 in pertinent part in the Spanish language: "Asimismo, en el caso de la residencia principal del cónyuge supérstite, este podrá comparecer para la anotación de la constancia registral del carácter de hogar seguro de la propiedad, sin la comparecencia de los herederos titulares de la propiedad. Dicha protección cobijará la propiedad contra todo reclamante, except las deudas reconocidas en la sec. 1858a de este título, mientras permanezca el carácter de residencia principal para el cónyuge supérstite." 31 L.P.R.A. §1858f.

$12,500 per debtor. There were two existing judicial liens in which only one of the debtors was obligated (Mr. Robert Nelson). The First Circuit held that:

> "[t]he reason why the statutory formula does quite 'work' in our case has to do with the asymmetry of obligations as between Robert Nelson and his wife (remember that both are obligated on five of the debts but only Robert is liable on the statutory liens). As the bankruptcy and district courts proved in respective opinions, it is possible to adjust for this asymmetry – each judge used a different adjustment—to produce the partial avoidance result that we affirm. But it is not clear that either adjustment will work in every variant case; and neither really avoids the charge that the court is departing from a literal reading of the formula" Nelson v. Scala, 192 F. 3d at 35-36.

The court finds that the Creditor's reliance in the case of Nelson v. Scala is misplaced because the instant case is a different variant in which this court had to consider estate law pursuant to the Puerto Rico Civil Code and the Home Protection Act. There is no circuit precedent directly on point in which these different areas of the law intersect in this jurisdiction. In this particular case, the court concluded that the Debtor has a one-half undivided interest in the real property which forms part of the Debtor's estate and the remaining one-half undivided interest forms part of an unclaimed inheritance, of which the debtor is entitled to a quota in usufruct over the entire hereditary patrimony for which no calculation has been provided. The probate proceedings have been finalized and it appears that the Debtor is the universal heir of the estate of Mr. Larry Fritz Kersting and the parties have not made the court aware whether there are any heirs ("herederos forzosos") that have contested this matter. Moreover, Article 6 of the Home Protection Act establishes the homestead right for the benefit of a surviving spouse to protect the homestead against attachment, judgment, or foreclosure for the payment of debts.

## Conclusion

For the reasons set forth above, the Creditor's *Motion for Reconsideration* (Docket No. 77) is hereby denied. The court finds that the Creditor's arguments as thoroughly explained herein

do not clearly establish a manifest error of law, that there was an intervening change in the controlling law, or newly discovered evidence.

SO ORDERED.

In San Juan, Puerto Rico, this 19th day of September, 2019.

Enrique S. Lamoutte
United States Bankruptcy Judge

-16-